UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS INTERNATIONAL LTD.,<br><br>        Plaintiff,<br>v.<br><br>EWEST ADVANTAGE, INC.<br><br>        Defendant. | Civil No. 07CV1265 JAH(CAB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT AND *SUA SPONTE* DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |

## INTRODUCTION

Now before the Court is the motion filed by plaintiff Curtis International Ltd. ("plaintiff" or "Curtis") for a right to attach order and writ of attachment to secure recovery of a claim against defendant EWest Advantage, Inc. ("defendant" or "EWest"). The motion has been fully briefed by the parties and oral argument has been entertained. After a careful consideration of the pleadings and relevant exhibits submitted by the parties both prior to and after the hearing, along with the oral argument presented at the hearing, and for the reasons set forth below, this Courts DENIES plaintiff's motion and *sua sponte* dismisses the instant complaint for lack of subject matter jurisdiction.

//
//
//
//

07cv1265

## BACKGROUND

Curtis commenced an action for breach of contract against EWest in Canada. EWest did not submit a response or make any appearance in that matter. On May 11, 2007, based on EWest's failure to respond or appear, the Canadian court entered a default judgment in the amount of $74,106.18 in U.S. dollars, which included interest from the date of judgment, plus costs in Canadian dollars. On July 12, 2007, Curtis filed a complaint in this District seeking enforcement of that foreign default judgment or, in the alternative, an award of damages for defendant's alleged breach of contract.

The instant motion for a right to attach order and issuance of a writ of attachment was filed on July 19, 2007.[1] On July 26, 2007, defendant filed its opposition to the motion. Plaintiff, on July 31, 2007, filed a notice of supplemental authority and additional evidence in support of its motion. This Court entertained oral argument on the motion on August 1, 2007. At the conclusion of the hearing, this Court took the motion under submission but directed the parties to file supplemental briefs. Defendant filed its supplemental brief on August 3, 2007 and plaintiff filed its supplemental brief on August 7, 2007.

## DISCUSSION

The federal court is one of limited jurisdiction. *See* Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. Steel Co. v. Citizens for a Better Environ., 118 S.Ct. 1003, 1012 (1998). Thus, even though this matter is before the Court on plaintiff's motion for a right to attach order and writ of attachment based on the foreign default judgment entered in Canada, this Court must address the issue of the Court's subject matter jurisdiction first. The instant complaint alleges diversity as the sole basis for this Court's jurisdiction. *See* Compl. ¶ 6.

//

---

[1] This Court had previously granted plaintiff's *ex parte* request to shorten the time for hearing plaintiff's motion, setting a short briefing schedule for responsive pleadings and an early hearing date. *See* Doc. # 5.

To establish diversity jurisdiction, plaintiff must show: (1) complete diversity among opposing parties; and (2) an amount in controversy exceeding $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a). The burden of proving jurisdictional facts is on the party asserting jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182 (1936); Fenton v. Freedman, 748 F.2d 1358, 1359 n.1 (9th Cir. 1984). The diversity statute is strictly construed and any doubts are resolved against finding jurisdiction. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1092 (9th Cir. 1983).

In opposition to plaintiff's motion, defendant argues that the amount in controversy here is below the jurisdictional minimum. *See* Opp. at 5. The default judgment request presented to the Canadian court sought a principal amount of $71,119.18 plus interest and costs. The judgment entered by the Canadian court on May 11, 2007 states that:

> THIS COURT ORDERS AND ADJUDGED that the Defendant pay to the Plaintiff the sum of $74,106.18 (US) and the sum of $1,000 (CAN) for costs of this action. . . . THIS JUDGMENT BEARS INTEREST at the rate of 6 per cent per year from its date.

Doc. # 10 (Diskin Decl.), Exh. B.[2] Although interest on a judgment cannot be used to enhance the amount in controversy because it would be contrary to the intent of the diversity statute, *see* Brainin v. Melikian, 396 F.2d 153, 155 (3d Cir. 1968)("Congress limited federal diversity jurisdiction to cases involving in excess of [the jurisdictional amount] 'exclusive of interest' ... to prevent the delaying of a suit merely to accumulate the necessary amount for federal jurisdiction."), pre-judgment interest awarded in the judgment is merged into the judgment and included in the calculation for jurisdictional purposes. Phoenix Scotts-Sports v. Kadish, 321 F.Supp. 556 (D.C.Alaska 1971).

Here, without the inclusion of the $1,000 (CAN) for costs or the post-judgment interest (both specifically awarded in the judgment), the amount in controversy has not been met. Plaintiff, at the hearing, suggested to the Court that the amount of costs

---

[2] The docket entry for this declaration indicates that there are three exhibits attached labeled A, B and C but none of the attached exhibits are marked as such. This Court assumes that the "Statement of Claim" and its supporting documents are Exhibit A, the "Requisition for Default Judgment" and "Judgment" are Exhibit B, and the documents involving plaintiff's motion to strike are Exhibit C. *See* Doc. # 10, Exhs. A-C.

awarded by the Canadian court, when added to the total monetary judgment award, brings the claimed amount over the jurisdictional threshold. However, plaintiff has not cited, nor has this Court's independent research unearthed, any authority for the proposition that costs of suit, even if awarded in the judgment, can be properly taken into account in determining the amount in controversy. This Court is unconvinced that costs of suit are properly included in the calculation of the amount in controversy.

The diversity statute specifically excludes costs in the calculation and this Court sees no reason to include those costs in determining the amount in controversy. *See* 28 U.S.C. § 1332(a). This Court is also mindful that the diversity statute is to be strictly construed and any doubts regarding jurisdiction should be resolved against jurisdiction. *See* Kantor, 704 F.2d at 1092. This Court finds that the amount in controversy here is $74,106.18, the amount awarded in the Canadian judgment without the inclusion of costs. Therefore, a strict construction renders subject matter jurisdiction lacking in this case because the amount in controversy does not exceed $75,000. 28 U.S.C. § 1332(a). Accordingly, plaintiff is not entitled to a right to attach order or writ of attachment because this Court lacks subject matter jurisdiction over plaintiff's claims.

Additionally, because subject matter jurisdiction is lacking, the instant complaint must be *sua sponte* dismissed. *See* Fed.R.Civ.P. 12(h).

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a right to attach order and writ of attachment is **DENIED**; and
2. The instant complaint is *sua sponte* **DISMISSED for lack of subject matter jurisdiction.** The Clerk of Court shall close the file.

DATED: August 27, 2007

_____
HON. JOHN A. HOUSTON
United States District Judge